RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
3/3/15 yt

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DEMARCUS THOMAS #58103** | DOCKET NO. 15-CV-109; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **TIM KEITH, ET AL.** | MAGISTRATE JUDGE KIRK |

<u>REPORT AND RECOMMENDATION</u>

Pro se Plaintiff Demarcus Thomas, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC), and he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He names as defendants Warden Tim Keith, Warden Bludworth, Daniel Marr, Tommy Glover, Virgil Lucas, Pamela Horn, Brenda Smiley, Captain Maxwell, Supervisor Napper, Mona Heyse, Martha Booker, the LDOC, and Corrections Corporation of America (CCA).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that, on October 11, 2014, while sleeping in his bed, he was stabbed multiple times by another inmate, resulting in life-threatening injuries. Plaintiff complains that the two officers assigned to his Unit did not make the "security checks" that they are supposed to make on the tiers every thirty minutes. He also claims that the security lights on the tier were not

working.  Plaintiff has not alleged that he had any prior problems with the inmate who attacked him or that he had ever complained to the defendants about that other inmate.

### *Law and Analysis*

The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is reasonable safety." Helling v. McKinney, 509 U.S. 25, 33 (1993).  In other words, "an official's act or omission must have resulted in the denial of the minimal civilized measure of life's necessities." Burleson v. Tex. Dep't of Criminal Justice, 393 F.3d 577, 589 (5th Cir. 2004).  In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court described the right of inmates to protection from assault:

> Having incarcerated persons [with] demonstrated proclivit[ies] for antisocial, criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

Farmer, 511 U.S. at 833 (internal citations omitted).

However, not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation. Farmer, 511 U.S. at 834. Rather, a prisoner must demonstrate both that (1) "he is incarcerated under conditions posing a substantial

2

risk of serious harm," and (2) the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's safety. Id. The test for "deliberate indifference" is a subjective one. Id. at 837.  "A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate … safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.  The legal conclusion of deliberate indifference must rest on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." Whitley v. Albers, 475 U.S. 312, 319 (1986); see Johnson v. Treen, 759 F.2d 1236, 1237 (5th Cir. 1985) (holding that the legal conclusion of deliberate indifference must rest on facts clearly evincing wanton behavior).

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.  "[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation

face such a risk." <u>Id</u>. at 843. The failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference. <u>See</u> <u>Domino v. Tex. Dep't of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001). Negligence is insufficient to support a finding of liability. <u>See</u> <u>Adames v. Perez</u>, 331 F.3d 508, 514 (5th Cir. 2003).

Plaintiff has failed to allege any facts to suggest or establish that a named defendant had the requisite knowledge of a substantial risk to Plaintiff's safety on or before the assault. Indeed, Plaintiff does not allege that he had any prior problems with the assailant. He does not allege that he ever sought protective custody. He never claimed that he faced a serious risk of harm by the attacker, or any other inmate. It appears that the attack was as unexpected by Plaintiff as it was by the defendants. Thus, even though one inmate of the forty-four inmates housed on Plaintiff's tier apparently became violent, there are no facts to suggest that any defendant knew the attack might happen or that Plaintiff faced any substantial risk of harm. Plaintiff implies that, had the two officers had made their security checks every thirty minutes, he would not have been attacked. Such an allegation is conclusory.

Plaintiff has not alleged facts indicating that the defendants subjectively intended that harm occur or had any culpable state of mind. <u>See, e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. at 834. What

4

Plaintiff has alleged is negligence on the part of the defendants in failing to make their rounds on the night he was attacked. Mere negligence or a failure to act reasonably is not enough. The law recognizes that it is simply impossible to prevent all prison assaults. "Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another. Regrettably, '[s]ome level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do ... unless all prisoners are locked in their cells 24 hours a day and sedated." See Farmer 511 U.S. 858-9, J. Thomas, *concurring*; citing McGill v. Duckworth, 944 F.2d 344, 348 (CA7 1991).

To the extent that Plaintiff seeks to hold CCA and/or supervisory officials liable for the negligence of the duty officers, his claim also fails. Liability under section 1983 cannot be established solely on a theory of respondeat superior. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. 1983; Robertson v. Sichel, 127 U.S. 507, 515-516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Because vicarious liability is

inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). There are no allegations of involvement by any supervisory officials.

Likewise, as to CCA, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Plaintiff has not presented allegations of involvement by CCA nor does he identify an unconstitutional policy implemented by CCA that causally resulted in Plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as**

supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 3rd day of March, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE